NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

*Eastern District of Kentucky*
**FILED**

DEC 1 5 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-348-DLB

CHRISTOPHER L. LEWIS                                              PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, Warden                                       RESPONDENT

    Petitioner, Christopher L. Lewis, who is confined at the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has submitted a petition for writ of habeas corpus under 28 U.S.C. §2241 [Record No. 1]. Although the petitioner did not file a "Motion to Proceed *in forma pauperis*," he did submit a "Certificate of Inmate Account" accompanied by a computer-generated document entitled "All Transactions," which appears to have been prepared by officials at USP-Big Sandy [Record No. 4]. The Court broadly construes these submissions as a "Motion to Proceed *In Forma Pauperis*."

    The "All Transactions" document contains a list of the petitioner's inmate deposits for the six-month period preceding November 14, 2005, and reveals that in that six-month period, the petitioner had a total of $500.30 deposited to the account, resulting in a monthly average deposit amount of $83.38. These funds have been at his disposal, over and above having the costs of his living essentials paid by federal taxpayers. The filing fee for a §2241 petition is $5.00.

    28 U.S.C. §1915(a) permits the Court to authorize the commencement of an action or appeal without prepayment of fees by a person who submits an affidavit of indigency and, if the person is a prisoner, an institutional certificate of the trust fund account over the six months preceding filing

the action or appeal.  Under 28 U.S.C. §1915(e)(2), however,

> [T]he court shall dismiss the case at any time if the court determines that–
>
> (A)   *the allegation of poverty is untrue*; or
>
> (B)   the action or appeal--
>
>> (i)   is frivolous or malicious;
>>
>> (ii)   fails to state a claim on which relief may be granted; or
>>
>> (iii)   seeks monetary relief against a defendant who is immune from such
>
> relief.

*See* 28 U.S.C. §1915(e)(2) (Emphasis added).

Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate money to pay the filing fee. *See Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974); *Shimabuku v. Britton*, 357 F. Supp. 825 (D. Kan. 1973), *aff'd* 503 F.2d 38 (10th Cir. 1974). Proceeding *in forma pauperis* is a privilege, not a right.  *See Shobe v. People of the State of California*, 362 F.2d 545 (9th Cir. 1966), *cert. denied*, 385 U.S. 887 (1966).

Accordingly, the Court determines that Petitioner Lewis has had sufficient resources available with which to pay the $5.00 filing fee for a habeas proceeding.  Based on the information provided, **IT IS HEREBY ORDERED** as follows:

(1)   The petitioner's construed "Motion to Proceed *In Forma Pauperis*" [Record No. 4] is **DENIED**.

(2)   The petitioner is granted thirty (30) days from the date of entry of the instant Order in which to submit to the Clerk of the Court the sum of $5.00 for the instant filing fee.

-2-

(3)     Upon payment of the fee or, in the alternative, the expiration of forty (40) days from the date of entry of this Order, whichever shall occur first, the Clerk of the Court is directed to notify the Pro Se Office.

(4)     The petitioner is on notice that if he fails to pay the filing fee within thirty (30) days from the date of entry of this Order, the Court will dismiss the instant action for want of prosecution. If the case is dismissed under these circumstances, it is not to be reinstated to the Court's active docket despite the subsequent payment of filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

12/15/05

Signed By:
David L. Bunning
United States District Judge

-3-