Eastern District of Kentucky
FILED
JAN 3 1 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-348-DLB

CHRISTOPHER L. LEWIS                                               PETITIONER

VS:             **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, Warden                                           RESPONDENT

Petitioner, Christopher L. Lewis, who is confined at the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has submitted a petition for writ of habeas corpus under 28 U.S.C. §2241 and has paid the requisite filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

### CLAIMS

The petitioner was convicted of drug offenses in the United States District Court for the

Middle District of North Carolina. On March 17, 1998, the petitioner received a 168-month sentence. The petitioner alleges that his right to due process under the Fifth Amendment of the United States Constitution has been violated, and that the term of his federal sentence has been increased as a result of those actions.

Specifically, he complains in his §2241 petition that the Bureau of Prisons ("BOP") refuses to credit his current federal sentence with ten months of time he spent in pre-sentence federal custody, between June, 1997, and April, 1998. He states that in June, 1997, he had been serving a state sentence when federal charges were filed against him.[1] At that time, he was taken into pre-sentence federal custody where he remained for ten months, until April, 1998.

### RELIEF REQUESTED

Petitioner seeks an order directing the BOP to credit his current federal sentence with the time he served in pre-sentence federal custody between June, 1997, and April, 1998.

### RESPONDENTS

The named respondent is Suzanne Hastings, the warden of USP-Big Sandy.

### DISCUSSION

As an initial matter, the Court notes that the petitioner has not demonstrated that he has exhausted his habeas claims through the BOP's administrative remedy scheme, set forth in 28 C.F.R. §542.10-19. Because the instant petition fails to state a claim on which relief can be granted and must be dismissed, however, the Court will address the merits of the petitioner's claim.

Petitioner seeks an order requiring the BOP to award him with ten months of credit on his federal sentence resulting from time he spent in federal custody pursuant to a writ of *habeas corpus*

---

[1] The petitioner provided no details about his state sentence, such as the offense(s) committed, the term, or the state where it was imposed.

2

*ad prosequendum.* This writ is used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined. *Black's Law Dictionary*, Seventh Edition, p. 715.

The applicable statute is 18 U.S.C. §3585, which reads in relevant part as follows:

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added). Under the statute, it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." *Id.*

A district court may grant a petitioner relief under 28 U.S.C. §2241. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). For various reasons, including the holding of *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished), this Court finds unconvincing the petitioner's theory that he is entitled to credit on his current federal sentence imposed for the ten months he served in pre-sentence federal custody between June, 1997, and April, 1998, pursuant to a writ of *habeas corpus ad prosequendum.*

In *Huffman v. Perez*, Petitioner Huffman similarly alleged that he, like the instant petitioner, was entitled to substantial credit for time during which he was primarily in the custody of the North

3

Carolina Department of Corrections and secondarily in the custody of the USM, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359. The Sixth Circuit concluded that because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359.

Also dispositive is *See also Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)). In *Easley*, the Seventh Circuit concluded that Petitioner Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, relying on *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992). The court found that Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, and that the time spent in custody pursuant to the writ was applied to his state sentence. *Easley* concluded that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[2]

---

[2] *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

4

*McClain, Huffman,* and *Easley* control the outcome in the instant §2241 petition. To the extent that the petitioner was serving a state sentence between June, 1997, and April, 1998, that ten months of credit for time served would have been applied to his *state* sentence. He was in the primary custody of that state entity. To award the petitioner with ten months of credit (approximately 300 days) toward his federal sentence would result in the petitioner receiving a double credit for the same time served, in violation of 18 U.S.C. §3585(b) and the case law cited.

The petition must be denied, and this action will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** that the petitioner's §2241 petition is **DENIED** and that this proceeding is **DISMISSED WITH PREJUDICE**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This 30th day of January, 2006.

Signed By:
*David L. Bunning*
United States District Judge